# Saul, Appellant, v. Northwestern National Insurance Company.

*Insurance—Fire insurance—Terms of policy—Fire occurring before date of policy and second fire after date of policy—Case for jury.*

Where a fire started in a building before the time of the effective date of a fire insurance policy and, after it was extinguished, a second fire started after the time of the effective date of the policy, the case is for the jury, under proper instructions, to determine whether or not the second fire, occurring after the date of the policy, was a part of the first fire, which started before the policy went into effect.

Where the process of combustion is arrested, ceases to be visible and an appreciable interval of time elapses, the second fire is not the inevitable consequence of the first, and must be regarded as separate and distinct. The criterion is not whether the second fire resulted from the first but whether it was a part of it. By adopting this view, it is possible to enforce the contract according to its express purpose, which is to insure against loss or damage by fire.

Unusual circumstances arising do not relieve an insurance company from the obligations of its contract. Where a future date

is fixed on which a contract is to be operative, the parties must run the risk of conditions changing and thus affecting the situation when the insurance begins.

Argued May 1, 1922. Appeal, No. 77, April T., 1922, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1918, No. 1681, on verdict for defendant in the case of Samuel Saul v. Northwestern National Insurance Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on policy of fire insurance. Before CARNA-HAN, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict for the defendant and judgment was entered thereon. Plaintiff appealed.

*Error assigned,* among others, was the charge of the court, quoting it.

*Sachs & Caplin,* for appellant.

*William A. Jordan,* for appellee.

OPINION BY TREXLER, J., July 13, 1922:

About eight or ten days before it was to take effect, the agent of the Northwestern National Insurance Company, delivered to Samuel Saul, a policy of insurance covering the stock of merchandise, located at his place of business at Pittsburgh, Pa., the term of policy being from the 31st of October, 1917, at noon, to the 31st of October, 1918, at noon. On October 31st, 1917, at 11:06 A. M., less than an hour before the commencement of the term of the policy, fire started in the store and burned for several hours thereafter. It was about two o'clock when the firemen who had been called in, left the place. Presumably, at that time, the fire was out, at least there was nothing to indicate that it was not. At seven o'clock in the evening of the same day, fire again

broke out and caused the damage for which this suit is brought. The question is whether the insurance company is liable for the loss caused by the second fire. The court submitted to the jury the question whether the second fire was simply a continuation of the first and if it was so, they should find in favor of the defendant, or to give it in the language employed by the court. "If it was not a connected continuation of that fire but an independent fire, there is liability." The jury found in favor of the defendant. The question is novel.

"Where a fire had begun in a building before the expiration of the policy insuring the goods therein and it was impossible to remove or save the merchandise from loss or damage, the loss occurred during the life of the policy whether or not the fire was actually communicated to the merchandise within that time. A damage begun is a damage done, where the culmination is the natural and unbroken sequence of the beginning": Rochester German Insurance Co. v. Peasley Gaulbert Co., 87 S. W. 1115-89 S. W. 3 (Ky.). This, in our opinion, is correct and although the case from which the above is quoted is one where a fire began before the expiration of a policy and continued thereafter, we think the reasoning may well be applied in the present case. Was the second fire a continuation of the first? As stated above, the learned trial judge submitted this question to the jury but we do not think in a proper manner. The object of the parties to the contract was to insure and in considering the subject we must not lose sight of this and where by reasonable construction, we can lend our aid to the accomplishment of this purpose, we should do so. The thought in the trial judge's mind was that if the origin of the second fire could, by fair inference, be traced to the first, the defense was relieved from liability. Certainly a spark left from the first fire may have smouldered for hours and then burst into flames. Such connection is too remote. Unless the second fire is immediately and continuously, in the broad sense of the

terms, connected with the first it cannot be regarded as part of it. Where the process of combustion, is arrested, ceases to be visible and an appreciable interval of time elapses, the second fire is not the inevitable consequence of the first, and must be regarded as separate and distinct. The criterion is not whether the second fire resulted from the first but whether it was a part of it. By adopting this view, it is possible to enforce the contract according to its express purpose which is to insure against loss or damage by fire. The jury should have been instructed that if they believed the testimony submitted, the plaintiff was entitled to the verdict.

The defendant argues that it should not be held liable because the facts which existed at the time the policy began to run were not such as were in the consideration of the parties when they made the contract. It must be remembered that the policy covered a varied stock of merchandise, not specific items. Therefore any stock on the premises was covered by the policy and although the first fire had reduced the stock, we do not see how this fact could invalidate the policy. It reduces the insurer's liability, if any, for when the second fire occurred, the damage was necessarily not as great as to the stock already damaged by the first fire, as it would have been had the first fire not occurred. It may increase the difficulty of ascertaining the damage. If the value depreciated by reason of the first fire it reduced the liability of the company, but it was nevertheless liable. This is not a case where the subject-matter of the insurance has entirely disappeared. The depreciation of the stock either in quality or volume from any cause not specifically excepted in the policy would not avoid the policy. It would only cut down the amount of damage. Unusual circumstances arising do not relieve the company from the obligations of its contract. When a future date is fixed on which a contract is to be operative, the parties must run the risk of conditions changing and thus affecting the situation when the term begins.

The judgment is reversed with a new venire.